# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL D. SLAY, ) | Case No: 1:19-cv-02214-BYP |
| ) | |
| *Plaintiff*, ) | Judge Benita Pearson |
| ) | |
| v. ) | |
| ) | |
| BLUESTEM BRANDS, INC., d/b/a ) | |
| FINGERHUT, ) | |
| ) | |
| *Defendant*. ) | |

## DISCOVERY PLAN

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.3(b)(3), a meeting was held on November 6, 2019, at 2:30 p.m. EST / 3:30 p.m. CST, and was attended by:

   Marwan Daher, Counsel for Plaintiff Michal D. Slay

   Melissa Jones and Gregory Bromen, Counsel for Defendant Bluestem Brands, Inc.

2. The parties recommend the following track:

   ☐ Expedited

   ☒ Standard

   ☐ Administrative

   ☐ Complex

   ☐ Mass Tort

3. This case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

   ☐ Early Neutral Evaluation

   ☒ Mediation

☐ Arbitration

☐ Summary Jury Trial

☐ Summary Bench Trial

☐ Case is not suitable for ADR at this time

4. The parties ___do/_X_ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

5. <u>Initial Disclosures:</u> (check one)

☒ a) _X_ a) Plaintiff made initial disclosures on <u>November 20, 2019</u> and all other parties made initial disclosures on <u>November 20, 2019.</u>

Objections to initial disclosures under Fed. R. Civ. P. 26(a)(1) ___are/_X_ are not made. If there <u>are</u> objections, they are specified along with the identity of the objecting party in an appendix to this Discovery Plan. The objecting party requests that the Court rule with respect to these disclosures at the Case Management Conference.

☐ b) Initial Discovery Protocols were entered in this case:

    i) The plaintiff's Initial Discovery was provided on _____.

    ii) The defendant's Initial Discovery was provided on _____.

☐ c) This is an ERISA case and does not require initial disclosures. *See* ¶ 6 for suggested briefing schedule.

6. <u>Subsequent proceedings </u>(for ERISA cases):

    a) Defendant shall file the entire administrative record by _____.

    b) Plaintiff shall file the opening brief contemplated by *<u>Wilkins v. Baptist Healthcare System, Inc.</u>*, <u>150 F.3d 609, 619 (6th Cir. 1998 </u>(Gilman, J., concurring) by _____.

c) Defendant shall respond by _____.

d) Plaintiff shall reply by _____.

e) There shall be no discovery in this case except as set forth in *Wilkins.*

7. <u>Subsequent proceedings</u> (for non-ERISA cases):

    a) Recommended Discovery Plan: Describe the subjects on which discovery is to be sought and the nature and extent of discovery, including any limitation on the number of interrogatories, the number and/or length of depositions, and/or the number of requests for admission.

    <u>The parties intend to seek discovery on liability and damages, and recommend that they be bound by the Local Rules and Civil Rules 30, 33, 34, and 36 regarding the number of interrogatories, requests for production of documents, admissions, and time limits for depositions. At this time, the parties recommend that each party be allowed to take up to two depositions.</u>

    b) The parties (indicate one):

    ☒ agree that there will be no discovery of electronically-stored information; or

    ☐ have agreed to a method for conducting discovery of electronically-stored information; or

    ☐ have agreed to follow the default standard for discovery of electronically-stored information (<u>Appendix K to N.D. Ohio Local Rules</u>).

    c) The parties ___have/ _X_ have not reached an agreement regarding the handling of disclosed privileged material. *See* <u>Fed. R. Civ. P. 16(b)(3)(B)(iv)</u>. If the parties have reached an agreement for asserting claims of privilege or of

protection as trial-preparation material after information is produced, please provide the agreement, including agreements reached under Fed. R. Evid. 502.

    d) Discovery cut-off date: <u>    90 days    </u>

    e) Recommended dispositive motion date: <u>    120 days    </u>

    f) Recommended cutoff for amending the pleadings and/or adding additional parties: <u>    60 days    </u>

    g) Recommended date for a Status Conference: <u>    90 days post discovery    </u>

8. Other matters for the attention of the Court:

<u>Plaintiff issued his written demand on 11/11/2019. Defendant responded in writing on 11/18/2019.</u>

<u>Marwan Daher</u>, Counsel for Plaintiff(s) <u>Michael D. Slay</u>

<u>Melissa Jones and Gregory Bromen</u>, Counsel for Defendant(s) <u>Bluestem Brands, Inc.</u>

**Objections, if any, to initial disclosures are appended.**

    Respectfully submitted,

*/s/ Marwan Daher*  
Marwan R. Daher, Esq.  
Sulaiman Law Group, Ltd.  
2500 South Highland Avenue  
Lombard, IL 60148  
Phone: (630) 537-1770  
mdaher@sulaimanlaw.com  
*Counsel for Plaintiff*  
*Michael D. Slay*

*/s/ Melissa A. Jones*  
Brett Bacon (0022826)  
Melissa A. Jones (0074967)  
FRANTZ WARD LLP  
200 Public Square, Suite 3000  
Cleveland, Ohio 44114  
(216) 515-1660-1770  
(216) 515-1650 (facsimile)  
bbacon@frantzward.com  
mjones@frantzward.com  
*Counsel for Defendant*  
*Bluestem Brands, Inc.*

# CERTIFICATE OF SERVICE

A copy of the foregoing Report of Parties' Planning Meeting Under Fed. R. Civ. P. 26(f) and L.R. 16.3(b)(3) was filed electronically on this 20th day of November, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Melissa A. Jones*
*Attorney for Defendant*
*Bluestem Brands, Inc.*